## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**TIMOTHY M. BEERS**,

    Movant,

vs.                                                                                    **CIVIL NO. 01-423 WJ/DJS**
                                                        Criminal No. 96-443 SC

**UNITED STATES OF AMERICA,**

    Respondent.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated at the Federal Correctional Institution at, where he is serving a sentence of one hundred and eighty-eight months imprisonment as a result of his convictions for kidnaping and for enticement to engage in prostitution.

2. After a jury trial, Movant was convicted and sentenced to the one hundred and eighty-eight month term of imprisonment. Movant then took an appeal challenging his conviction. The Tenth Circuit Court of Appeals affirmed the Movant's conviction. Movant contends that he was not afforded effective assistance of counsel and that his conviction must therefor be overturned.

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

3. As found by the 10th Circuit Court of Appeals in United States v. Beers, 189 F.3d 1297 (10th Cir. 1999) cert. denied 529 U.S. 1077 (2000), Movant held the son of a prostitute, Theresa Elliot, in order to compel her to work for him. He would not permit Elliot to speak to the 8-year-old boy alone and would not let her know where he was keeping the child. He instructed Elliot to pay him $500 a night, which she did for three nights before stopping in hopes that Movant would release her son. Instead, Movant instructed her to meet him at his family reunion in Illinois and, after that, to go to Albuquerque to earn traveling money for him. In Albuquerque, Elliot contacted the police and the FBI arrested Movant in Illinois after monitoring several phone calls between him and Elliot.

4. Movant's challenge to his conviction and sentence alleges that he was denied the effective assistance of counsel at the pretrial stage, at trial and on direct appeal. Movant contends that his first trial attorney, who represented him up to his first trial date, was ineffective for failing to convey a favorable plea offer to him. He also contends that attorney, Marshall Aungier, failed to conduct an adequate pre-trial investigation. Movant requested new counsel on the day his trial was to have commenced. The trial court granted that request, appointing Movant new counsel from the Federal Public Defender's office and setting a second trial date. Movant asserts that the next set of attorneys who represented him, who defended him at his trial, were ineffective for failing to explain to him that he had an absolute right to testify on his own behalf and for preventing him from so testifying. Movant further asserts that those attorneys were ineffective for failing to subpoena one Tasha Curry as a witness and for failing to investigate other potential witnesses or evidentiary matters. Movant contends that Curry would have testified that he did not kidnap Elliot's child or force her to work for him.

5. Additionally, Movant contends that the attorney who represented him on direct appeal was ineffective for failing to raise a claim that the trial court abused its discretion by refusing to construe

a letter from Movant requesting a new trial as a §2255 motion asserting ineffective assistance of counsel. With regard to this last claim, Movant cannot show prejudice from the alleged failure, as he was not precluded from bringing a §2255 alleging ineffective assistance of counsel and having it heard.

      6. In order to obtain habeas relief for ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687(1984)). A claim of ineffective counsel "may be resolved on either performance or prejudice grounds alone." United States v. Kennedy, 225 F.3d 1187, 1197 (10th Cir. 2000) (citations omitted). In order to show prejudice, Movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694). There is a strong presumption that counsel provided effective assistance, and a §2255 movant has the burden of proof to overcome that presumption. Id. Movant cannot meet either prong of the Strickland test, nor has he overcome the presumption that he was provided effective counsel.

      7. With regard to Movant's claim that his first trial attorney was ineffective for failing to convey the prosecution's plea offer to him, the Court finds the testimony of Marshal Aungier, Esq., more credible than that of Movant. This determination is based upon the Court's observation of the testimony of the witnesses, their demeanor, and its consideration of that testimony in light of the evidence as a whole. Mr. Aungier has a distinct recollection of traveling to Estancia, New Mexico in order to convey the initial plea offer made by the United States to Movant. Transcript of 7/3/02

3

Evidentiary Hearing, pp. 145, 150, Testimony of Marshal Aungier. Aungier characterized the risk Movant took in going to trial rather than accepting the plea offer as "huge". Transcript of 7/3/02 Evidentiary Hearing, pp. 154-155, Testimony of Marshal Aungier. In addition, Aungier related the circumstances and terms of the plea offer, including Movant's rejection of the offer, to his successor counsel. Transcript of 7/2/02 Evidentiary Hearing, pp. 42-43, Testimony of Susan Dunleavy. Movant never told his second trial counsel anything to contradict Aungier's account of his rejection of the plea. Id. Further, that second attorney, Susan Dunleavy, testified that Movant vacillated regarding whether to accept a second, less-favorable plea offer. Transcript of 7/2/02 Evidentiary Hearing, pp. 47-49, Testimony of Susan Dunleavy. The testimony at the evidentiary hearing and the text of the petition for relief give rise to the conclusion that Movant re-thought his failure to accept the plea offers, which would have resulted in two-to-five years of incarceration, following the imposition of his sentence of over fifteen years' imprisonment.

    8. Given the weight of the testimony that Aungier conveyed the prosecution's initial plea offer to Movant and this Court's credibility determination, Movant has not met his burden of proving ineffective assistance of counsel due to his first attorney's failure to communicate. Movant's contention that his attorney should have tried harder to convince him to take the plea fails to state a claim for ineffective assistance of counsel on its face.

    9. Movant's claim that his trial counsel was ineffective for refusing to allow him to testify is bolstered by an affidavit submitted by Susan Dunleavy attesting that Dunleavy failed to inform Movant that it was his *ultimate* decision whether he should take the stand. In her testimony at the evidentiary hearing, Dunleavy stated that she advised Movant not to testify. Transcript of 7/2/02 Evidentiary Hearing, pp. 18-19, Testimony of Susan Dunleavy. That advice was based upon her

professional opinion and her assessment of Movant's demeanor as well as the fact that his testimony would allow his impeachment with a prior felony conviction. Transcript of 7/2/02 Evidentiary Hearing, pp. 50-51, Testimony of Susan Dunleavy. Dunleavy believed that she had persuaded him throughout the trial that taking the stand would be a bad idea. Transcript of 7/2/02 Evidentiary Hearing, pp. 94, Testimony of Susan Dunleavy.

10. Movant's co-counsel at trial, Alonzo Padilla, also submitted an affidavit in support of the instant §2255 petition indicating that he failed to inform Movant that Movant had the right to make the ultimate decision whether or not to testify. Padilla also testified at the evidentiary hearing. He recounted that Movant and counsel had heated discussions regarding trial strategy, including whether Movant should testify at trial and whether they should try to introduce evidence of the treatment of the kidnap victim in Movant's hands. Transcript of 7/2/02 Evidentiary Hearing, p. 97, Testimony of Alonzo Padilla. The defense team had won a motion *in limine* to keep out evidence held by the government indicating that the child had been abused and deprived medication while in Movant's custody. Transcript of 7/2/02 Evidentiary Hearing, p. 56, Testimony of Susan Dunleavy. The trial court ruled that if the defense put forth evidence that the child was well-cared-for and happy, then the prosecution would be permitted to introduce the evidence of abuse. Transcript of 7/2/02 Evidentiary Hearing, p. 57, Testimony of Susan Dunleavy. The Tenth Circuit Court of Appeals upheld this evidentiary ruling and held that it did not violate Movant's constitutional right to a fair trial. United States v. Beers, 189 F3d. at 1300.

11. Against the background of Movant's disagreements with his trial counsel over trial strategy and the effect of his taking the stand at trial, the Court takes note of the testimony of Marshal Aungier that he has the standard practice of informing criminal defendants that the final decision

whether to testify is theirs. Transcript of 7/3/02 Evidentiary Hearing, pp. 150, Testimony of Marshal Aungier. Aungier could not say with absolute certainty that he informed Movant that it was Movant's ultimate decision to testify at trial; however, he did recall explaining Movant's constitutional rights to him. Transcript of 7/3/02 Evidentiary Hearing, pp. 149-150, Testimony of Marshal Aungier. This explanation came well before Movant's representation by Dunleavy and Padilla. In addition, Movant had been represented by counsel with regard to pending criminal cases from six to twelve times prior to his trial in this matter. Transcript of 7/3/02 Evidentiary Hearing, p. 212, Testimony of Timothy Beers. Movant had four prior felony convictions, stemming from both plea bargains and trials. Transcript of 7/3/02 Evidentiary Hearing, pp. 204-212, Testimony of Timothy Beers.

12. "The Supreme Court has recognized that the Constitution protects a defendant's right to testify on his own behalf at a criminal trial as 'essential to due process of law in a fair adversary process.' " United States v. Ruiz-Castro, 92 F.3d 1519, 1529 (10th Cir.1996) (quoting Rock v. Arkansas, 483 U.S. 44, 51 (1987)) (additional quotation omitted). The defendant, not counsel, makes the decision whether or not to testify. See United States v. Janoe, 720 F.2d 1156, 1161 & n. 10 (10th Cir.1983). "Because defense counsel is primarily responsible for advising the defendant of his right to testify ... the appropriate vehicle for claims alleging that defense counsel violated [this right] is a claim of ineffective assistance of counsel." United States v. Camacho, 40 F.3d 349, 355 (11th Cir.1994) (citing United States v. Teague, 953 F.2d 1525, 1532 (11th Cir.1992)). In drawing the "difficult line ... between earnest counseling and [the] overt coercion" which amounts to ineffective assistance, courts consider: (1) whether the defendant knew about his constitutional right to testify, and if not, whether he was informed by counsel; (2) the competence and soundness of defense counsel's tactical advice, i.e., whether counsel presents the defendant with sufficient information to

6

permit a meaningful voluntary waiver of the right to testify; and (3) any intimidation or threatened retaliation by counsel relating to the defendant's testimonial decision. Lema v. United States, 987 F.2d 48, 52-53 (1st Cir.1993) (citations omitted).

13. Applying the factors outlined in Lema, *supra*, to the instant case, this Court finds that, regardless of the advice or lack of advice by his trial counsel, Movant was aware of his right to testify through the advice of his first counsel and his previous contacts with the criminal justice system. Next, the Court finds that trial counsel's advice not to testify was sound. Among the factors supporting that advice is that fact Movant's testimony would have been impeached with his prior felony convictions, one of which was relevant to the charges against him for enticement to engage in prostitution. In addition, he would have been subjected to cross-examination regarding the taped telephonic threats he made against the kidnap victim's mother. Although Movant felt he could have explained the threats away as little more than "street language", cross-examination would have given the prosecution an opportunity to emphasize the threatening language and call it to the jury's attention a second time. Further, Movant would have been hard pressed to convince a jury that a threat to "cut your fuckin' throat bitch" (sic) was nothing more than street language. July 2, 3, 2002 Evidentiary Hearing, Respondent's Exhibit 8. In addition, the Court recognizes the difficulty Movant's demeanor and appearance would have posed to presenting him as a sympathetic witness. With regard to the third factor, Movant presented no evidence of intimidation or threatened retaliation by counsel to this Court.

14. Under the foregoing analysis, Movant has not shown that his trial attorneys crossed the line from counseling him to overt prevention of his testimony. While Movant sought to address the trial court directly at the close of his trial and now asserts that his reason for doing so was to assert

his right to testify, he did not inform his attorneys of that desire at the time. Transcript of 7/2/02 Evidentiary Hearing, pp. 69-70, Testimony of Susan Dunleavy; Transcript of 7/2/02 Evidentiary Hearing, pp. 99-100, 109, Testimony of Alonzo Padilla. In all, the evidence showed that Movant acceded to his counsel's advice that he not testify at trial.

15. Even if Movant's counsel had prevented him from testifying and thereby rendered ineffective assistance, he failed to show that he was prejudiced by their action. Consequently, he is not entitled to relief under the second prong of the Strickland test. In order to show prejudice from his counsel's performance, Movant must demonstrate that their performance rendered the proceeding fundamentally unfair or unreliable. Rogers v. United States, 91 F.3d 1388, 1392 (10th Cir. 1996) (citation omitted). Movant's proposed testimony would not have altered the weight of the evidence against him and could have very well led to the introduction of more evidence prejudicial to his defense. Balanced against that is the fact that it would have provided the jury with an opportunity to assess his demeanor and credibility for itself. However, the dubious benefit of such an opportunity does not satisfy Movant's burden to show by a preponderance of the evidence that the result of the proceeding would have been different.

16. Movant argues that Strickland does not apply and that this Court should consider the matter as a denial of his fundamental right to testify on his own behalf, entirely separate from his right to effective counsel. This Court does not find that argument persuasive, particularly in light of the ambiguity whether Movant was following counsel's advice not to testify. The unpublished Tenth Circuit Court of Appeals cases discussed by the parties examined the matter of counsel allegedly preventing a criminal defendant from testifying under the Strickland framework. See United States v. Dryden 1998 WL 930582 (10th Cir. 1998) (unpublished disposition); United States v. Hershberger,

1991 WL 136227 (10th Cir. 1991). This Court should not depart from that practice.

17. Movant's claim that his trial attorneys were ineffective for failing to subpoena Tasha Curry as a witness fails to afford him relief. First, a *habeas* court cannot begin to apply Strickland's standards to a "missing witness" claim unless the movant makes a specific, affirmative showing as to what the missing evidence or testimony would have been. United States v. Lane, 926 F.2d 694, 701 (7th Cir. 1991) cert. denied, 502 U.S. 1116 (1992); see Coleman v. Brown, 802 F.2d 1234 (10th Cir. 1986) (Finding of prejudice nearly impossible where no evidence presented as to what missing witness would have testified to at trial). Although Movant testified that Curry would have corroborated his contention that the child was abandoned to his care, he did not present her testimony at the evidentiary hearing or an affidavit from her. Second, trial counsel considered calling Curry and decided that her testimony would be problematic to the defense.  Transcript of 7/2/02 Evidentiary Hearing, pp. 79-80, Testimony of Susan Dunleavy. "Generally, the decision whether to call a witness rests within the sound discretion of trial counsel." Jackson v. Shanks, 143 F.3d 1313, 1320 (10th Cir.1998). Strategic choices made after investigation relevant to plausible options are virtually unchallengeable. Strickland, 466 U.S. at 690. Movant's trial counsel interviewed Curry.  Transcript of 7/2/02 Evidentiary Hearing, pp. 91, Testimony of Susan Dunleavy. As noted, she decided that Curry's testimony would not help the defense. That reasoned strategic decision does not amount to ineffective assistance of counsel, especially in light of Movant's failure to provide the Court with evidence showing what Curry's testimony would have been.

18. Movant failed to present evidence at his evidentiary hearing to support his claim that his attorneys failed to investigate statements by witnesses or potential witnesses including Twila Lujan and FBI Special Agent Mark Lewis and for failing to investigate the victim's mother's (Theresa

Elliot's) pager bill. Further, his trial counsel's testimony indicated that they did investigate those avenues of defense and were unsuccessful in obtaining evidence favorable to him. Because Movant did not show prejudice from the alleged failures, he is not entitled to relief on these claims.

**RECOMMENDED DISPOSITION:**

That the motion be denied and this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**